**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division**

| | | |
|---|---|---|
| **FLORA CHAMPION-THOMAS,** | * | |
| | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Civil Action No.: CBD-19-3174** |
| **v.** | * | |
| | * | |
| **SHOPPERS FOOD WAREHOUSE,** | * | |
| **CORP.** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |
| | ***** | |

## <u>MEMORANDUM OPINION</u>

Before the Court is Defendant's Motion for Summary Judgment ("Defendant's Motion"), ECF No. 25. The Court has reviewed Defendant's Motion, the opposition thereto, and Defendant's Reply. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons set forth below, the Court GRANTS Defendant's Motion.

### I.    Factual Background

On May 5, 2017, Plaintiff Flora Champion-Thomas suffered a slip-and-fall accident on the premises of Defendant Shoppers Food Warehouse, Corp ("Shoppers") in Landover, Maryland. Compl. ¶ 9, ECF No. 2. Plaintiff was leaving the second aisle of the produce section, when she allegedly slipped and fell on a green grape. Champion-Thomas Dep. 27:12–16, 28:1–29:1, 30:12–31:10. Plaintiff does not know whether the grape was on the floor before she slipped and fell, or how long the grape was on the floor before her fall. *Id.* at 32:6–13. Plaintiff testified that she did know who caused the grape to be on the floor, or how the grape ended up on the floor. *Id.* at 32:14–33:2. Plaintiff stated that she does not know if any Shoppers employees

knew that the grape was on the floor. *Id.* at 33:4–9. Plaintiff also stated that she did not know the last time any of the grapes were stocked in the store before her arrival. *Id.* at 33:10–15. Plaintiff alleges that as a result of the fall, she sustained serious injuries. Compl. ¶ 9.

Plaintiff filed a complaint in the Circuit Court of Maryland for Prince George's County on October 2, 2019. Compl. 1. On November 1, 2019, the matter was removed to this Court pursuant to 28 U.S.C. § 1441(a). Pet. for Removal, ECF No. 1.

## II.    Standard of Review

A court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A court must construe the facts alleged and reasonable inferences in favor of the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

To prevail on a motion for summary judgment, the moving party must show that no genuine issue of fact exists and that it is entitled to judgment as a matter of law. *Pulliam Inv. Co., Inc. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. "[T]he burden on the moving party may be discharged by 'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

"Once the moving party discharges its burden . . . the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Kitchen v. Upshaw*, 286 F.3d 179, 182 (4th Cir. 2002).  When the nonmoving party has the burden of proof, it is that party's responsibility to confront the motion for summary judgment with affirmative evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).  "The disputed facts must be material to an issue necessary for the proper resolution of the case." *Everett, Inc. v. Nat'l Cable Adver., L.P.*, 57 F.3d 1317, 1323 (4th Cir. 1995).  There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249 (citations omitted).  However, "when a party fails to demonstrate the existence of a genuine issue of material fact, the court should grant summary judgment." *Sedar v. Reston Town Ctr. Prop., LLC*, No. 19-1972, 2021 WL 667088, at *7 (4th Cir. Feb. 22, 2021).

### III.    Analysis

Plaintiff alleges that she was an invitee at Shoppers, and that Defendant "knew or should have known that there was a substance on the floor that could cause invitees to slip and fall." Compl. ¶¶ 9, 11.  Plaintiff claims that Defendant "owed a duty to protect and/or notify its invitees or guests of any harm or any hazardous conditions known that could pose a risk of serious bodily injury to Plaintiff." *Id.* ¶ 13.  Plaintiff contends that Defendant breached its duty and was negligent in one of several ways including: 1) failing to supervise the common areas in a way that Plaintiff would have a safe walking area; 2) failing to maintain the common areas to ensure that its invitees or Plaintiff would not slip and fall; 3) failing to maintain the premises in a good and safe condition; and 4) failing to exercise the degree of care required under the circumstances. *Id.* at ¶ 14.  Plaintiff claims that she sustained serious bodily injury as a direct and proximate cause of Defendant's negligence. *Id.* at ¶ 15.

Defendant avers that summary judgment should be granted in its favor because there is no genuine dispute as to any material fact, and Defendant is entitled to summary judgment as a matter of law.  Def.'s Mot. 1, ECF No. 25.  Defendant also claims that there is insufficient evidence to establish that Defendant created the condition, or that it had actual or constructive knowledge of the condition.  Def.'s Mem. in Supp. of Def.'s Mot. 1–8, ECF No. 25–1.  The Court agrees with Defendant.

A possessor of land is subject to liability for harm to business invitees if, and only if he:

> (a) Knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger.

*Maans v. Giant*, 161 Md. App. 620, 626 (2005).  "[A] proprietor of a store owes a duty to his customers to exercise ordinary care to keep the premises in a reasonably safe condition, and he will be held liable for injuries sustained by a customer in consequence of his failure to do so." *Moulden v. Greenbelt Consumer Servs., Inc.*, 239 Md. 229, 231-32 (1965).  However, "the proprietor of a store is not an insurer of his customers while they are on the premises, and no presumption of negligence on the part of the proprietor arises merely from a showing that an injury was sustained in his store."  *Rawls v. Hochschild, Kohn & Co., Inc.*, 207 Md. 113, 118 (1955).  Further, the "burden is upon the customer to show that the proprietor created the dangerous condition or had actual or constructive knowledge of its existence prior to the invitee's injury."  *Maans*, 161 Md. App. at 627–28 (citing *Lexington Mkt. Auth. v. Zappala*, 233 Md. 444, 446 (1964)).  For Plaintiff to establish that Defendant had constructive knowledge of a dangerous condition, Plaintiff must show how long the dangerous condition existed.  *Joseph v. Bozzuto Mgmt. Co.*, 173 Md. App. 305, 316 (2007).  "Such evidence, known as 'time on the

floor' evidence, is relevant to establish the level of care exercised by Defendant." *Jones v. Shoppers Food Warehouse Corp*, No. JKS 15-2096, 2016 WL 454951, at *2 (D. Md. Feb. 5, 2016). There is no duty for a proprietor of a store to continuously inspect the premises and correct conditions as they occur. *Tennant v. Shoppers Food*, 115 Md. App. 381, 390 (1997) (quoting *Zappala*, 233 Md. at 446). "In no instance can the bare fact that an injury has happened, of itself and divorced from all the surrounding circumstances, justify the inference that the injury was caused by negligence." *Rawls*, 207 Md. at 119 (citing *Benedick v. Potts*, 88 Md. 52 (1898)). Although direct proof of negligence is not required, mere speculation is not enough to carry a customer's burden. *Id.*

> **a. Plaintiff has failed to prove that Defendant caused or had actual knowledge of the dangerous condition.**

Plaintiff makes no argument, and the evidence does not support, that Defendant caused the dangerous condition. *See generally* Compl., Pl.'s Mem. in. Supp. of. Pl.'s Opp'n, ECF No. 26–2. "If the plaintiff is unable to show that the defendant caused the condition, the plaintiff must prove that the defendant had knowledge of the condition." *Myers v. TGI Friday's, Inc.*, No. CIV. JFM 07-333, 2007 WL 4097498, at *5 (D. Md. Nov. 9, 2007) (citing *Ronk v. Corner Kick, Inc.,* 850 F. Supp. 369, 371 (D. Md. 1994)). Plaintiff failed to provide adequate evidence to infer that Defendant had actual knowledge of the grape being on the floor before Plaintiff's fall. Plaintiff testified that she did not see what caused her to slip and fall. Champion-Thomas Dep. 30:19–21. Plaintiff stated under oath that she did not know that a grape caused her to fall, until after she fell and saw remnants of the grape on the sole of her shoe. *Id.* at 30:22–32:5. Plaintiff admitted that she did not know whether the grape had been on the floor before her falling or how long the grape had been on the floor. *Id.* at 32:6–13. Plaintiff made clear that she did not know how the grape ended up on the floor or who caused the grape to be on the floor. *Id.* At 32:14–

33:2.  Plaintiff also testified that she did not know whether any store employees knew the grape was on the floor before her slip and fall.  *Id.* At 33:4–9.  Plaintiff simply has not put forth sufficient evidence that suggests Defendant caused or knew about the presence of a foreign substance on the floor before her fall.

### b.  Plaintiff has failed to prove that Defendant had constructive knowledge of the condition.

Maryland Courts have held that to "prove constructive knowledge in a slip-and-fall case, the invitee must present evidence showing how long the hazard existed before the injury occurred."  *McCoy v. Target Corp.*, No. CV GLR-14-3437, 2016 WL 827962, at *2 (D. Md. Mar. 3, 2016), aff'd, 668 F. App'x 462 (4th Cir. 2016) (citing *Ronk,* 850 F. Supp. at 371 (granting the defendant's motion for summary judgment in part because "[p]laintiff cites no evidence as to how long the particular offending wet spot was on the floor, such that Defendants should have been on notice")).  Time on the floor evidence is necessary to analyze whether a proprietor exercised reasonable care in inspecting its premises, and whether a proprietor had sufficient time to discover and remedy a dangerous condition or warn the invitee.  *Maans*, 161 Md. App. at 626; *see Jones*, 2016 WL 454951, at *3 (D. Md. Feb. 5, 2016) (to show constructive knowledge, an invitee must show that a defective condition existed long enough to permit one under a duty to inspect to discover the defect and remedy it prior to the injury).  "Without 'time on the floor' evidence, a proprietor would be potentially liable even though there was no way of telling whether he could have prevented the injury."  *Maans*, 161 Md. App. at 640.

 "When the plaintiff presents no time on the floor evidence, [the] plaintiff cannot prove constructive knowledge by introducing evidence that the defendant failed to conduct reasonable inspections prior to the accident."  *McCoy*, 2016 WL 827962, at *2; *see also Maans*, 161 Md. App. at 632 (where the Court rejected the plaintiff's argument that "constructive notice may be

proven by introduction of evidence that, prior to the accident, defendant failed to make reasonable inspection of the premises.").

Rather, for a plaintiff to succeed and withstand a motion for summary judgment without time on the floor evidence, a plaintiff must show that "had the defendant made reasonable inspections prior to the slip-and-fall, it would have discovered the hazard in time to prevent the accident." *McCoy*, 2016 WL 827962, at *2 (where the Court granted summary judgment and found that there was no genuine dispute regarding constructive knowledge and Defendant is entitled to judgment as a matter of law because the plaintiff presented "no evidence showing how long the liquid substance was on the floor before she slipped and no evidence that [the defendant] would have discovered it had [the defendant] conducted reasonable inspections"); *see also Maans*, 161 Md. App. at 632.

Here, Plaintiff claims that Defendant had constructive knowledge of the dangerous condition.  Plaintiff asserts that:

> Shoppers failed in its duty to make routine inspections of the Produce Department after 3:00pm, (2) there would have been no debris on the floor or empty produce shelves if, in fact, the 20 employees assigned to produce had been performing their duties described by Defendant; and, (3) had one of the twenty employees assigned to Produce made such a reasonable inspection, it would have discovered not only that there were produce items that needed to be restocked but also, and more importantly, a dangerous condition by loose grapes, existed; and 4) simply walking up and down the aisles of the Produce Department with the assigned purpose of monitoring for hazards would have led to the discovery of the loose grapes that had fallen along the aisle and created a hazardous condition.

Pl.'s Mem. in Supp. of Mot. 13–15.[1]  The Court disagrees.

Plaintiff provided no evidence regarding how long the grape was on the floor before the slip-and-fall.  As mentioned above, Plaintiff explained that she did not see the grape on the floor

---

[1] Plaintiff asserts several arguments for why the Court should deny summary judgment.  For conciseness, the Court is only discussing the most relevant arguments.

before she slipped and does not know whether the grape was there before her fall.  Champion-Thomas Dep. 31:15–17; 32:6–8.  Plaintiff does not know how long the grape was on the floor. *Id.* at 32:9–13.  Plaintiff also does not know the last time any of the grapes were stocked before she entered the store.  *Id.* at 33:10–15.  There simply is no evidence showing how long the grape was on the floor.  Without this information, the Court cannot properly analyze whether Defendant had a reasonable opportunity to discover and remedy the dangerous situation. Further, the Court cannot determine whether the grape was on the floor for sufficient time, long enough to permit Defendant to have been able to discover the grape, by exercising reasonable care.  *Joseph*, 173 Md. App. at 315.

Plaintiff counters the lack of 'time on the floor' evidence by citing *Maans*, arguing that Plaintiff's inability to articulate a time estimation as to how long the grape on her shoe was present on the floor before she fell, is not dispositive of the issue.  Pl.'s Mem. in. Supp. of. Pl.'s Opp'n 7.  The Court finds Plaintiff's interpretation of *Maans* inaccurate and misplaced.[2] Accordingly, the Court finds Plaintiff's argument without merit.

---

[2] In *Maans,* the plaintiff was shopping at a Giant store, where she slipped and fell from water on the floor, near a cash register.  *Maans*, 161 Md. App. at 623.  The plaintiff brought a negligence action against the defendant, alleging that because of their negligence, she fell and sustained injuries.  *Id.*  The trial court granted the defendant summary judgment, finding that "*Maans* had failed to prove that Giant had either constructive or actual pre-injury notice on the wet floor."  *Id.* at 623.  Contrary to Plaintiff's contention, the appellate court affirmed the trial court in favor of the defendant.

Plaintiff cites to the decision in *Maans*, as being "instructive on the sufficiency of evidence to create a jury question."  Pl.'s Mem. in Supp. of Pl.'s Opp'n 7.  However, the Court in *Maans* was not referring to the issue of constructive notice, but to the issue of whether the plaintiff could create doubt in the mind of a juror that she slipped on water and not soda.  *Maans*, 161 Md. App. at 629–30.

However, that is not the issue in this case.  Plaintiff cites *Maans* stating that "[on] appeal the customer argued that the motion for judgment was improperly granted because she produced sufficient evidence to raise a jury question as to whether the store had either actual or constructive knowledge of the defective condition that caused her injury," and that "the Court agreed and found the… arguments by *Maans* persuasive."  Pl.'s Mem. in Supp of Pl.'s Opp'n 7.  However, this analysis by Plaintiff is factually incorrect as it relates to constructive notice, as the Court did not find the arguments by *Maans* persuasive and affirmed summary judgment in favor of Defendant.

Throughout Plaintiff's motion, Plaintiff contends that Defendant failed to reasonably inspect its premises, and had Defendant reasonably inspected its premises, Defendant would have found the dangerous condition. *Id.* at 8–15. Plaintiff supports her contention by alleging *inter alia* that there were twenty employees assigned to the Produce Department and had the employees reasonably inspected the premises as their job duties called for, they would have discovered the grape that Plaintiff slipped and fell on.[3] *Id.* 13–15. Additionally, Plaintiff avers that had the twenty employees assigned to the Produce Department, "simply walk[ed] up and down the aisles . . . it would have led to the discovery . . . [of the] hazardous condition." *Id.* at 14–15.

Plaintiff's argument fails. It appears Plaintiff is suggesting that there were twenty employees assigned to the Produce Department at the same time, and because of that, Plaintiff contends that if Defendant's employees were conducting their normal duties, they would have discovered the dangerous condition. However, Plaintiff provides no evidence to conclude that there were twenty employees working *at the same time* in the Produce Department. As stated above, this argument fails because, "[P]laintiff cannot prove constructive notice by introducing evidence that [D]efendant failed to conduct reasonable inspections prior to the accident." *McCoy*, 2016 WL 827962, at *2; *see also Maans*, 161 Md. App. at 632.

Plaintiff has not put forth evidence to prove that had "[D]efendant made reasonable inspections prior to the slip-and-fall, [Defendant] would have discovered the hazard in time to prevent the accident." *McCoy*, 2016 WL 827962 at *2. Plaintiff also did not provide any 'time on the floor' evidence. This lack of evidence is fatal.

---

[3] The Court has summarized Plaintiff's argument for conciseness.

Even if Shoppers conducted reasonable inspections, another customer could have dropped the grape on the floor moments before Plaintiff fell.  *See Maans*, 161 Md. App. at 632; *Moulden*, 239 Md. 229, 233 (where the plaintiff tripped on a string bean in an aisle of a grocery store, and the Court of Appeals affirmed summary judgment for the defendant in part because it was possible that the green bean dropped from a cart, right before the plaintiff fell); *Lexington Mkt. Auth. v. Zappala,* 233 Md. 444, 446, 197 A.2d 147, 148 (1964) (the court reversed and remanded to enter judgment for the defendant, where the oil or grease that the plaintiff slipped on, may have leaked from a car nearby, moments before she fell).

Plaintiff provided insufficient evidence for the Court to determine whether Defendant acted reasonably under the circumstances, and that its actions or inactions were the proximate cause of Plaintiff's fall.  Accordingly, the Court finds that Plaintiff has failed to prove that Defendant had constructive notice of the dangerous condition that allegedly caused Plaintiff's fall.

  c. **Plaintiff's remaining arguments lack merit and are irrelevant to withstand summary judgment.**

Plaintiff makes additional arguments that the Court finds without merit.  Plaintiff contends that the evidence suggests that there was more than one grape on the floor.  Pl.'s Mem. in. Supp. of. Pl.'s Opp'n 10–13.  Whether it was one, two, three, or thirty grapes, Plaintiff still has not put forth any evidence of how long the grapes were on the floor before her fall.

Plaintiff argues that she overheard a witness talking to a man who stated, "he did not see her fall but the area was dangerous and he had told the store that they should do something about the area and someone was going to get hurt." [4] Pl.'s Mem. in. Supp. of. Pl.'s Opp'n 12.  Again,

---

[4] Without more information, the Court declines to comment on whether this statement is admissible evidence.

this argument fails to offer a scintilla of evidence of how long the grape was on the floor, and whether Defendant had a reasonable opportunity to find and cure the dangerous situation. Plaintiff's arguments are speculative at best, and "[u]nsupported speculation is insufficient to defeat a motion for summary judgment." *McCoy*, 2016 WL 827962, at *3 (quoting *Leakas v. Columbia Country Club*, 831 F. Supp. 1231, 1235 (D. Md. 1993).

Plaintiff has failed to meet her burden, permitting an inference that Defendant created the condition, or that Defendant had actual or constructive knowledge of the dangerous condition. Therefore, the Court finds that there is no genuine issue for trial and Defendant is entitled to judgment as a matter of law.

### IV.    Conclusion

For the reasons set forth above, Defendants' Motion is GRANTED.  Judgment shall be entered in favor of Defendant and the case shall be closed.


February 25, 2021                                               _____/s/_____
                                                               Charles B. Day
                                                               United States Magistrate Judge


CBD/pjkm